IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50738
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARNEST JAYMY DERRICK;
JAMES ARNES STUBBLEFIELD,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-96-CR-87-1
- - - - - - - - - -
June 30, 1998

Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Earnest Jaymy Derrick appeals his jury convictions for
conspiracy to possess with intent to distribute crack cocaine,
two counts of distribution of crack cocaine, and possession with
intent to distribute crack cocaine.  Derrick argues that the
evidence was insufficient to prove beyond a reasonable doubt that
the substance was in fact crack cocaine as charged in count four
of the indictment and that the substance weighed at least five

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

grams. Derrick also argues that the district court erred in refusing to consider his collateral attack on a prior drug offense conviction which had been used to enhance his sentence pursuant to 21 U.S.C. § 841(b)(1)(B).

Coappellant James Arnes Stubblefield appeals his jury convictions for conspiracy to possess with intent to distribute crack cocaine and distribution of crack cocaine. He argues that the district court erred in denying his motion to suppress the undercover officer's in-court identification.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed. The evidence regarding the identity of the substance was not insufficient. United States v. Benbrook, 40 F.3d 88, 94 (5th Cir. 1994). The district court did not err in finding that the substance weighed at least five grams given the information contained in the presentence report and the evidence presented at trial. United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994). The district court did not err in refusing to consider Derrick's collateral attack on a conviction that occurred more than five years before the date of the information. 21 U.S.C. § 851(e); United States v. Gonzales, 79 F.3d 413, 426-27 (5th Cir.), cert. denied, 117 S. Ct. 183 (1996). Finally, the district court did not err in denying Stubblefield's suppression motion. Even if the patrol officer's stop violated Stubblefield's Fourth Amendment rights, the undercover officer's

in-court identification rested upon his observation of Stubblefield at the time of the crime, which predated any subsequent constitutional violation.  United States v. Crews, 445 U.S. 463, 472-73 (1980).

After briefing was completed, Derrick filed a motion requesting that his appeal be withdrawn without prejudice and that substitute counsel be appointed.  Derrick's dissatisfaction with his attorney's assessment of the merits of his appeal, without more, is insufficient to warrant the substitution of counsel.  Fifth Circuit Plan under the Criminal Justice Act, §§ 2, 3; see United States v. Trevino, 992 F.2d 64, 65 (5th Cir. 1993).  Accordingly, the motion is DENIED.

AFFIRMED.  MOTION DENIED.